## M'DOWELL *vs.* COOPER.

A return of " served personally," is a good return to a summons.

Where the first process is a *summons*, the presumption is, that the defendant is a *free-holder*, and execution cannot issue without oath, &c.

CERTIORARI to justice M'Caulley. Record. Summons returned " served personally," and service verified judgment by default.

*Exceptions.*—1st. That it does not appear that the summons was served *on the defendant.* 2d. That the execution issued against the defendant, being a freeholder, without any oath or stay.

*J. A. Bayard.*—The law requires the modes of service to be stated. A return of " served personally" is not sufficient. Non constat that it was *on the defendant* personally. 2d. The original process is a *summons.* The presumption then on the face of the record is, that the defendant is a freeholder, and execution could not issue without stay.

*Gilpin.*—The constable need not state in his return, all the requisites of a proper service. 1 *Harr. Rep.* 453. The writ directed him to summon the *defendant,* and the law directs the mode to be either personally, or by a copy left at defendant's place of abode. " Served personally," therefore, in return to such a writ is equivalent to, served on the defendant personally. 2d. The original writ being a summons instead of a capias, does not prove that the defendant was a freeholder; for a summons may issue against a person who is not a freeholder. To take advantage of his freehold, a defendant must plead it before the justice. *Kizer* vs. *Downey,* 1 *Harr. Rep.* 530.

*Bayard.*—In that case the exception was to the capias after appearance and defence to the action. The decision was, that it was too late to make such an objection, after waiving it before the justice. Here the defendant never had an opportunity to set up his freehold. The execution issued on a judgment by default.

The Court *affirmed* the judgment and *set aside* the execution.

—→»»◦◉◎◦«««—

## HARKER *vs.* ELLIOTT, executor of HARKER.

The Superior Court cannot reserve questions for hearing before all the judges in a case pending in that court, on appeal from the Register's court.

APPEAL from the Register for the probate of wills, &c. &c.

An application was made to the court to reserve the questions

arising in this case for hearing in bank ; and, after debate, the court considered they had not the power to reserve the questions in a case pending in this court as a court of appeals from the register's decree. If such power does exist, then the court would have the same power in a case here on appeal from the Orphans' Court, which the constitution certainly does not contemplate.

It is true, the expressions in the constitution (sec. 7,) are large; but they evidently have reference to cases standing originally in the Superior Court, from the provision immediately following in reference to *proceeding* in the cause to verdict, &c.

Motion refused.

*Wales*, for appellant.
*J. A. Bayard*, for respondent.

—»»✥⊛❀»«««—

### Doctor ALLEN M'LANE *vs.* JESSE SHARPE et al.

The law of the road requires travellers to keep to the *right*.

One may pass on either side, being responsible for negligence or imprudence.

The owners of a stage-coach are responsible for the *negligence* of their driver ; but not for mere *accident*.

The driver is not a good witness without a *release under seal*.

It seems that though one partner cannot bind another by deed, his release under seal would remove the interest of the witness and restore his competency, by destroying a joint cause of action against him by all the partners.

This was an action on the case against stage proprietors for the negligence of their driver, in driving against plaintiff's carriage whilst attempting to pass him on the road.

The action was against Sharpe, Jefferson, Murdock and Tatman, stage proprietors. Two other owners, Raymond and Spruance, were included in the writ, but were not served with process. The defendants' interest in the line was proved by their declarations and acts of ownership, holding themselves out as owners, receipt of passage money, &c.

A strong case of negligence and of injury was made out by the plaintiff's witnesses, and he claimed exemplary damages.

On the part of the defendants, William Cantwell, the driver of the stage, was called as a witness and objected to.

The defendants produced a release, (not under seal,) signed by Sharpe, Jefferson, Murdock and Tatman. Plaintiff still objected ; because—1st. The release was not under seal ; and 2d, because there were other proprietors of the stage, who would ultimately be liable